IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>RANCHO EL CENTENARIO, LLC and JOSE OVIEDO,<br><br>    Defendants. | CIVIL ACTION NO. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff The Burlington Insurance Company ("TBIC") for its Complaint for Declaratory Judgment against Defendants Rancho El Centenario, LLC ("REC") and Jose Oviedo ("Oviedo") alleges as follows:

**INTRODUCTION**

1.

This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of resolving an actual controversy between TBIC and REC arising out of an insurance policy issued by TBIC to REC. TBIC seeks a declaration as to whether it has any obligation to defend and indemnify REC in connection with the underlying lawsuit filed against REC by Oviedo.

**THE PARTIES**

2.

Plaintiff The Burlington Insurance Company is an Illinois corporation with its principal place of business in Connecticut. TBIC is an eligible surplus lines insurer as provided by Chapter V of Title 33 of the Official Code of Georgia.

3.

Defendant Rancho El Centenario, LLC is a Georgia limited liability company with is principal place of business at 901 Thomaston Street, Barnesville, Georgia 30204. On information and belief, the sole member of REC is Arthur Hurst English, IV, who is a citizen of the State of Georgia. REC can be served through its registered agent, Arthur Hurst English, IV, located at 901 Thomaston Street, Barnesville, Georgia 30204.

4.

On information and belief, Defendant Jose Oviedo is a citizen of the State of Texas residing in Harris County and can be served at 29828 Marti Road, Katy, Texas 77493.

**JURISDICTION & VENUE**

5.

There is complete diversity between TBIC on the one hand and all of the Defendants on the other hand.

6.

The amount in controversy exceeds $75,000, exclusive of interest and costs because Oviedo has demanded more than $75,000 for REC's alleged liability and seeks at least $295,005.25 in general and special damages in the underlying lawsuit at issue in this action.

7.

Thus, this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332.

8.

This Court has personal jurisdiction over REC because it resides in the State of Georgia and/or is a citizen of the State of Georgia.

9.

This Court has personal jurisdiction over Oviedo pursuant to O.C.G.A. §§ 9-10-91, -92 because: (1) this lawsuit arises from Oviedo's business in the State of Georgia and/or (2) this lawsuit arises from the alleged tortious injuries, acts, or omissions at issue in the subject underlying lawsuit in which Oviedo submitted to personal jurisdiction in Georgia.

10.

Venue is proper in the Middle District of Georgia, Macon Division, pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.4 because a substantial portion of the events giving rise to this lawsuit took place in Lamar County, Georgia, which is part of the Macon Division of the Middle District.

11.

This action is properly filed pursuant to 28 U.S.C. § 2201 because an actual controversy of a ripe and justiciable nature exists between TBIC and REC involving whether TBIC has a duty to defend and indemnify REC for the claims being asserted by Oviedo against REC.

**FACTS**

12.

On October 3, 2022, Oviedo filed suit against REC in the Superior Court of Lamar County, Georgia, in an action captioned *Jose Oviedo v. Rancho El Centenario, LLC, et al.*, Civil Action No. 22B-338-F (the "Underlying Lawsuit"). A true and correct copy of the Complaint in the Underlying Lawsuit is attached as Exhibit A.

13.

The Underlying Lawsuit alleges that REC owns, operates, and manages premises located in Lamar County, Georgia at which REC conducts equine activity (the "Premises"). (Ex. A ¶¶ 7-10, 14.)

14.

The Underlying Lawsuit alleges that, on October 4, 2020, Oviedo was present at the Premises for an equestrian event (the "Event"). (*Id.* at ¶¶ 9-10.)

15.

The Underlying Lawsuit alleges that Oviedo was struck by a horse on the Premises during the Event (the "Incident"). (*Id.* at ¶ 11.)

16.

The Underlying Lawsuit alleges that REC engaged in reckless and wanton disregard for Oviedo's safety which bars REC's assertion of immunity under O.C.G.A. § 4-12-3(b)(3). (*Id.* at ¶ 14.)

17.

The Underlying Lawsuit alleges that Oviedo sustained severe and painful bodily injuries as a result of the Incident requiring seventeen days of hospitalization, including loss of consciousness, facial abrasions, a brain bleed. (*Id.* at ¶¶ 11, 15.)

18.

The Underlying Lawsuit alleges that Oviedo incurred past medical expenses of at least $295,005.25 as a result of the Incident. (*Id.* at ¶ 32.)

19.

The Underlying Lawsuit asserts claims against REC for premises liability, vicarious liability, and negligent training and supervision. (*Id.* at ¶¶ 16-28.)

20.

REC was aware of the Incident on or about the time that it happened on October 4, 2020.

21.

On December 20, 2020, Oviedo called REC concerning the Incident.

22.

On March 31, 2021, REC notified TBIC of the Incident.

23.

March 31, 2021 was the first time TBIC was made aware of the Incident.

24.

TBIC is defending REC in the Underlying Lawsuit pursuant to a full reservation of rights.

## THE POLICIES

25.

TBIC issued policy number 023B103354 to REC for the July 1, 2020 to July 10, 2021 policy period (the "Policy"). A certified copy of the Policy is attached hereto as Exhibit B.

26.

The Policy contains a commercial general liability coverage part subject to a commercial general liability coverage form. (Ex. A at Form CG 00 01 04 13.)

27.

The Policy's commercial general liability coverage part has limits of $1,000,000 per "occurrence," $2,000,000 general aggregate limit. (*Id.* at Form IFG-G-0002-DL 0503 p. 1.)

28.

As amended by endorsement, the Policy's insuring agreement for Coverage A – Bodily Injury and Property Damage Liability provides, in pertinent part, as follows:

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this

insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in **Section III – Limits Of Insurance**; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Supplementary Payments – Coverages A and B.**

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

\* \* \* \*

(*Id.* at Form BG-G-446-ST 03 17.)

29.

The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.* at Form CG 00 01 04 13 p. 15.)

30.

The Policies' Expected or Intended Injury Exclusion provides as follows:

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

(*Id.* at Form CG 00 01 04 13 p. 2.)

31.

The Policy's endorsement entitled Exclusion - Unscheduled Events (Special Events Liability) provides, in pertinent part, as follows:

> The following exclusion is added to **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:
>
> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" that arises out of:
>
> **1.** An event that is not shown in the Schedule and/or the declarations of this policy as a covered event;
>
> * * * *
>
> **All other terms and conditions of this Policy remain unchanged.**

(*Id.* at Form BG-G-075 03 17)

32.

The Policy's Commercial General Liability Schedule of Classifications and Rates lists nine entries for "Horse Racing" on the following dates: July 19, 2020; August 16, 2020; September 20, 2020; October 18, 2020; November 15, 2020; December 13, 2020; January 17, 2021; February 21, 2021; and March 14, 2021. (*Id.* at Form IFG-G-0002-DL 0503, IFG-G-0003 0503.)

33.

The Policy's endorsement entitled Exclusion – Described Hazards (Special Events Liability) provides, in pertinent part, as follows:

> **A.** Paragraph **B.** of this endorsement is added to **2. Exclusions** of **Section I - Coverage A – Bodily Injury And Property Damage Liability** and **2.**

**Exclusions** of Section I – Coverage B – Personal And Advertising Injury Liability.

**B.** This insurance does not apply to: **a.** "Bodily injury" or "personal and advertising injury":

\* \* \* \*

**(4)** To any person while practicing, instructing, demonstrating, or participating in any speed contest, demolition derby, livestock auction, rodeo, horse show, or any type of sport, athletic event, competition or contest;

\* \* \* \*

These exclusions apply even if claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by any insured.

\* \* \* \*

**All other terms and conditions of this Policy remain unchanged.**

(*Id.* at Form BG-G-074 04 19.)

34.

Coverage under the Policies' commercial general liability coverage part is subject to certain conditions precedent. Among those is the condition precedent to provide timely notice which provides, in pertinent part, as follows:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\* \* \* \*

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

\* \* \* \*

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

  **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

 **b.** If a claim is made or "suit" is brought against any insured, you must:

  **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

  **(2)** Notify us as soon as practicable.

 You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

 **c.** You and any other involved insured must:

  **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

* * * *

**3. Legal Action Against Us**

 No person or organization has a right under this Coverage Part:

 **a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

 **b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

(*Id.* at Form CG 00 01 04 13 p. 11.)

**<u>FIRST CAUSE OF ACTION</u>**
**(Declaratory Relief)**

35.

TBIC hereby incorporates by reference all allegations contained in Paragraphs 1 – 34 above

as if fully set forth herein.

36.

TBIC does not have any obligation to defend or indemnify REC for any damages, losses, claims, costs, or expenses arising out of or related to the claims asserted in the Underlying Lawsuit on numerous grounds, including, but not limited to, that:

(a) REC breached the condition precedent in the Policy to provide timely notice such that it is barred from recovery under the Policy;

(b) The Underlying Lawsuit does not seek "damages because of 'bodily injury' . . . caused by an 'occurrence'"; and

(c) One or more of the exclusions in the Policy apply, including, but not limited to, the Expected or Intended Injury Exclusion, Exclusion - Unscheduled Events (Special Events Liability), and Exclusion – Described Hazards (Special Events Liability).

37.

Therefore, TBIC seeks a declaration that it has no duty to defend or indemnify REC for the Underlying Lawsuit.

**SECOND CAUSE OF ACTION**
**(Recoupment of Defense Costs)**

38.

TBIC hereby incorporates by reference all allegations contained in Paragraphs 1 – 37 above as if fully set forth herein.

39.

TBIC is defending REC in the Underlying Lawsuit pursuant to a full reservation of rights.

40.

TBIC's reservation of rights letter to REC specifically reserves TBIC's right to recoup the

defense costs incurred by TBIC in defending REC for the Underlying Lawsuit.

41.

Therefore, if this Court declares that TBIC has no duty to defend REC for the Underlying Lawsuit, then TBIC is entitled to recoup its defense costs incurred in defending REC in the Underlying Lawsuit.

WHEREFORE, TBIC demands judgment as follows:

A.  For a declaration that TBIC has no duty to defend, indemnity, or reimburse REC or otherwise pay for any damages, losses, claims, costs, or expenses arising out of the claims asserted against REC in the Underlying Lawsuit;

B.  That the judgment be binding on Oviedo;

C.  For reimbursement from REC of all costs paid by TBIC in connection with the defense of REC in the Underlying Lawsuit;

D.  For the cost of this suit; and

E.  For such other and proper relief as this Court may deem just and proper.

Dated this 31st day of January, 2023.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia 30308
Telephone: 404.348.8585
Facsimile: 404.467.8845
seth.friedman@lewisbrisbois.com
christopher.meeks@lewisbrisbois.com

By: */s/ Christopher C. Meeks*
SETH FRIEDMAN,
Georgia Bar No. 141501
CHRISTOPHER MEEKS,
Georgia Bar No. 371020

*Attorneys for Plaintiff The Burlington Insurance Company*